O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WAYNE E. RAMIREZ, | ) | Case No. ED CV 13-960-SP |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION FOR EAJA FEES AND |
| CAROLYN W. COLVIN, | ) | COSTS |
| Acting Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**I.**

**INTRODUCTION**

On May 31, 2013, plaintiff Wayne E. Ramirez filed a complaint in this court against defendant the Commission of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Plaintiff presented one issue, contending the Administrative Law Judge ("ALJ") erred in rejecting plaintiff's subjective symptom testimony when the ALJ assessed plaintiff's residual functional capacity ("RFC"). This court entered Judgment in plaintiff's favor on April 30, 2014, reversing the decision of the Commissioner denying plaintiff benefits, and remanding the matter for

1

further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The court found the ALJ erred in that he failed to provide clear and convincing reasons supported by substantial evidence for discounting plaintiff's credibility.

On July 28, 2014, plaintiff filed a Petition for Attorney Fees, Costs, and Expenses Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) ("Motion"). Plaintiff is seeking a fee award in the amount of $3,828.98 based on 18.1 hours of attorney time at rates of between $187.02 and $189.78 per hour, and 3.2 hours of paralegal time at a rate of $137.00 per hour.

On August 6, 2014, defendant filed an Opposition to the Motion. Defendant contends that plaintiff is not entitled to recover any EAJA fees because the Commissioner was substantially justified in her position. Defendant further contends that, if the court determines EAJA fees are appropriate, the fees sought should be reduced because the hours claimed for the work done are excessive.

The court finds that the Commissioner was not substantially justified in her position, and therefore EAJA fees are appropriate. The court further finds the fees sought by plaintiff are reasonable under the circumstances, with one slight modification. Hence, for the reasons discussed further below, the court awards EAJA fees of $3,772.05.

## II.
## DISCUSSION

**A.** **Legal Standard**

The EAJA provides in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for

judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to award attorney's fees under the EAJA, the court must determine that: (1) the claimant was the prevailing party; (2) the government has failed to show that its position was "substantially justified" or that special circumstances make the award unjust; and (3) the requested fees and costs are reasonable. 28 U.S.C. §§ 2412(d)(1)(A), 2412(d)(2)(A).

There is no dispute here that plaintiff was the prevailing party. But the Commissioner contends that her position was substantially justified, and also challenges the reasonableness of the fees sought.

**B.** **The Government Has Failed to Show That Its Position Was Substantially Justified**

In opposing an award of EAJA fees, "[t]he government has the burden of proving its positions were substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010) (citing *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995)). "Substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988); *accord Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008); *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). In other words, the government's position must have had a "reasonable basis in both law and fact." *Pierce*, 487 U.S. at 565 (internal quotation marks and citations omitted); *accord Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008).

Where, as here, the ALJ's decision was reversed on the basis of procedural errors, the question is *not* whether the government's position as to the merits of [the claimant's] disability claim was

   substantially justified. Rather, the relevant question is whether the
   government's decision to defend on appeal the procedural errors
   committed by the ALJ was substantially justified.

*Shafer*, 518 F.3d at 1071 (citations omitted).

  "The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (citations omitted). Thus, in deciding whether the government's position was substantially justified, the court must look at both the ALJ's decision and the government's litigation position. *Id.* at 870-72. In addition, the question is whether the Commissioner's position was substantially justified with respect to the issue on which the court based its remand. *Lewis*, 281 F.3d at 1085.

  The fact that plaintiff prevailed does not settle the question of whether the Commissioner was substantially justified in her position. "[A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n.2; *accord Lewis*, 281 F.3d at 1083; *see Le*, 529 F.3d at 1201 ("Though incorrect, the commissioner's position was substantially justified within the meaning of the fee statute."). Nonetheless, "it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (citation omitted).

  Here, this court found the ALJ erred on the only issue raised by plaintiff, the issue of whether the ALJ properly discounted plaintiff's credibility. Defendant argues that her position was substantially justified, however, because the court found that of the five reasons given by the ALJ for

discounting plaintiff's credibility, two were clear and convincing, and only on balance did the court conclude that these two reasons by themselves did not constitute substantial evidence to support the ALJ's adverse credibility determination.

Defendant is correct that the court found two of the five reasons to be clear and convincing, but this does not make the government's position substantially justified. As to the other three reasons provided by the ALJ for discounting plaintiff's credibility, the court found: the ALJ ignored evidence in the record that plaintiff took only over-the-counter medicine for his pain due to lack of medical insurance and funds; the ALJ somewhat misstated the record and failed to make specific findings to justify his conclusion that the diagnostic evidence did not support plaintiff's claims; and the ALJ had no basis to find there should have been documentation in the chiropractic records to support plaintiff's use of a cane. The ALJ's errors in giving these as reasons to discount plaintiff's credibility were significant. Further, although the court found two of the reasons given to be clear and convincing, the court also found each of these reasons to be somewhat problematic. The court found it appropriate for the ALJ to consider that plaintiff waited a year to seek treatment, but at the same time noted the ALJ failed to consider the evidence that plaintiff's poverty may have explained this delay. And while the court found plaintiff's testimony that he went online to look for work two years after his onset date to be a clear and convincing reason to discount his claimed inability to work, the court also noted that the ALJ's characterization of plaintiff's efforts as having sought employment throughout the two-year period to be somewhat misleading.

On balance, the ALJ was not substantially justified in discounting plaintiff's credibility, and the Commissioner was not substantially justified in defending the ALJ's credibility determination (with all the procedural errors

made by the ALJ) on appeal to this court. Because the Commissioner was not substantially justified in her position, plaintiff is entitled to EAJA fees. The question, then, is the amount of the fees.

### C. Determination of the Reasonableness of the Requested Fees

"[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990). There, the Supreme Court described a process in which the court must start with the lodestar claimed by the prevailing counsel, determine whether the documentation submitted in support of the claimed lodestar is adequate, and exclude any hours that were not "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 433-34, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). In addition, "other considerations . . . may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained,'" particularly in cases in which the plaintiff "succeeded on only some of his claims for relief." *Id.* at 434.

#### 1. Reasonableness of Hours Spent

Defendant contends that the fees sought by plaintiff are unreasonable, in that the hours spent were excessive. Defendant argues that plaintiff's counsel should have spent no more than 10 hours preparing the Memorandum in Support of Complaint, rather than the 15.6 hours actually spent. Defendant also argues that plaintiff's counsel's failure to meet and confer in good faith before filing the instant EAJA Motion warrants reducing the 1.8 hours spent in preparing a letter to defendant and the Motion to 1 hour.

Here, plaintiff has submitted a declaration detailing the hours spent on this matter and the basis for the fees calculated. *See* Rosales Decl. ¶ 2, Ex. 1. The court finds plaintiff's counsel has adequately documented the time spent.

Defendant argues that it was unreasonable for counsel to spent 15.6 hours preparing a Memorandum that raised only one issue on which the law is well-settled. If that time were spent only in preparing the Memorandum, defendant's point may be well taken. But the 15.6 hours spent by counsel included time spent reviewing the record. Although counsel ultimately determined to raise only one issue, that determination does not reduce the time he reasonably spent reviewing the record to determine if there were other issues that merited appeal. On balance, the court does not find the 15.6 hours spent to be excessive.

The court is troubled that plaintiff's counsel apparently made no real effort to meet and confer before filing the instant Motion, as he prepared and sent a letter regarding EAJA fees to defense counsel the same day he prepared and filed the EAJA Motion. Plaintiff was entitled to spend time pursuing EAJA fees, and the court will not reduce the 1.5 hours counsel reasonably spent preparing this Motion. *See Jean*, 496 U.S. at 161 ("[A]bsent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action."). But since the .3 hours spent by plaintiff's counsel in preparing a letter to defense counsel was apparently not spent in a good faith effort to reach agreement on EAJA fees, the court will eliminate this time from the fee award.

2.  Fee Calculation

The court therefore finds all but .3 of the 18.1 total hours that counsel spent on plaintiff's case to be reasonable. The court also finds the 3.2 paralegal hours (which defendant does not challenge) to be reasonable.

Under the EAJA, attorney fees were capped at a maximum rate of $125 per hour as of March 1996, "plus any 'cost of living' and 'special factor' adjustments." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). Based

on cost of living increases, plaintiff claims attorneys fees at a rate of $187.02 per hour for 2013 and of $189.78 per hour for 2014, based on the formula approved in *Thangaraja*, 428 F.3d at 876-77. Plaintiff also claims paralegal fees at a rate of $137 per hour. Defendant does not object to these rates, and the court accepts these rates.

Accordingly, the court finds, as required under the EAJA, that an EAJA fee award of $3,772.05 is reasonable, calculated as follows: (3.2 hours x $137.00, or $438.40 for paralegal work) + (16.1 hours x $187.02, or $3,011.02 for 2013 attorney work) + (1.7 hours x $189.78, or $322.63 for 2014 attorney work).

### D. Fees Are Awarded to Plaintiff, But Have Been Validly Assigned to Plaintiff's Counsel

The Supreme Court has held that an EAJA award to a prevailing party is payable to the litigant, as opposed to the litigant's attorney, and is therefore subject to a government offset to satisfy a pre-existing debt the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586, 591-98, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010). But the Supreme Court has also recognized that fee awards may be – and regularly are – paid directly by the government to counsel where the prevailing party has assigned its right to receive the fees to its attorney and where the party does not owe a debt to the government. *Id.* at 597. In this case the parties apparently do not presently know if plaintiff owes a debt to the United States, and hence they advocate for different approaches.

Plaintiff argues that the EAJA award should be paid directly to counsel pursuant to plaintiff's valid assignment of EAJA fees to his attorney (*see* Rosales Decl., Ex. 3, ¶ 4), subject government offset. Defendant argues that any EAJA award should be payable to plaintiff, but that after such award the government would consider assignment of the fees to counsel after determining whether they are subject to any offset.

As a practical matter, it appears to the court that the two approaches would ultimately have similar if not identical outcomes. Defendant argues that plaintiff's approach would require the Department of Treasury to appear as a party to this case and disclose information about any offset to plaintiff's counsel. The court does not read plaintiff's approach as requiring anything of the sort. Under both approaches, the government would be required to determine whether any offset applies before EAJA fees are paid. The only difference the court can see is that under defendant's approach it would somehow be optional whether the government chose to recognize the assignment and make fees payable to counsel rather than plaintiff after any offset is determined. This approach is far more ambiguous.

Accordingly, the court finds, as have a number of other courts post-*Ratliff*, that although EAJA fees are subject to a government offset to satisfy any pre-existing debt plaintiff owes the government, after any such offset plaintiff's counsel is entitled to direct payment of the EAJA award since there has been a valid assignment. *See, e.g., Ramirez v. Colvin*, 2013 WL 4039066, at *4 (C.D. Cal. Aug. 6, 2013); *Coffey v. Astrue*, 2013 WL 120030, at *4 (N.D. Cal. Jan. 8, 2013).

### III.
### ORDER

For the reasons discussed above, plaintiff's Motion is GRANTED, and plaintiff is awarded total EAJA fees of $3,772.05. The Commissioner shall pay such EAJA fees, subject to any offset to which the government is legally entitled, directly to plaintiff's counsel.

DATED: February 23, 2015   

SHERI PYM
UNITED STATES MAGISTRATE JUDGE